## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-061 |
| | ) | Judge Stephanie L. Haines |
| PAUL ENGLISH, *et al.*, | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by Anthony Tyson ("Plaintiff") (ECF No. 1). Plaintiff asserts that while he was incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") his civil rights were violated when he was retaliated against by Defendants for refusal to reveal the source of illicit drugs and refusal to engage in physical confrontations with other inmates. He states that Defendants called him a "snitch-rat" in front of other inmates thereby jeopardizing his safety. Plaintiff also states that Defendants controlled him mentally causing him to stab another inmate. In particular, he asserts that defendants English and Tote conspired to conduct unauthorized cell searches and planted illegal synthetic marijuana and suboxone in his cell causing him to be disciplined and lose certain privileges. Finally, Plaintiff asserts that Kovac was deliberately indifferent to his mental health and did not protect Plaintiff from retaliation of the other Defendants. He asserts violations of the Fifth and Fourteenth Amendments (due process), Eighth Amendment (deliberate indifference), and First Amendment (retaliation). He also asserts a state law claim of intentional infliction of emotional distress ("IIED") and a violation of his rights under the Pennsylvania State Constitution.

1

Defendants filed a Motion to Dismiss (ECF No. 14) for failure to state a claim upon which relief can be granted.  This Motion was fully briefed by the Parties (ECF Nos. 17, 18, 19, 20, 21, 22) and was referred to Magistrate Judge Maureen Kelly for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On April 15, 2025, Magistrate Judge Kelly filed a Report and Recommendation (ECF No. 31) recommending that the Motion to Dismiss (ECF No. 14) be granted in its entirety but leaving room for amendment as to some claims.  Judge Kelly also recommended that Plaintiff's Motion for Sanctions (ECF No. 18) be denied.  The Parties were advised that they had fourteen days, or seventeen days for unregistered ECF users, to file written objections.  *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.  Plaintiff filed a "Response to Defendant's Report and Recommendation.  Opposition to Defendant's Report and Recommendations"[1] (ECF No. 37).  In his pleading, Plaintiff disagrees with Judge Kelly's finding that injunctive relief is not a viable remedy because Plaintiff has been transferred from SCI-Houtzdale to SCI-Smithfield.[2]  ECF No. 37, pp. 2-3.  Plaintiff asserts that the law states that his claims are not mooted upon transfer citing to *Sutton v. Rasheed*, 323 F.3d 236 (3d Cir. 2003), *as amended* (May 29, 2003).  However, this case is not supportive of Plaintiff's claims.  *Sutton's* finding is that plaintiffs no longer are confined at the prison *and* remedial measures were in place, therefore, injunctive relief is unnecessary.

> Here, none of the plaintiffs remains confined at SCI–Camp Hill, and class action status has not been sought. Wise and Sutton have been provided with the specific Nation of Islam books requested, and Walker has been released from prison. Since October 5, 2001, a new SMU policy has been in effect allowing inmates access to "any combination of personal property" that can fit into one records center box. We are satisfied this one-box policy will not be rescinded based on the representations of the Department of Corrections made before us on March 6, 2002. Furthermore, there are strong administrative incentives making it unlikely that the new policy

---

[1] Plaintiff confuses the Court's Report and Recommendation as a filing of the Defendants.
[2] The Court notes that Plaintiff's address of record is SCI-Houtzdale and that it is Plaintiff's responsibility to update the Court with any change of address.

will be reversed. We conclude plaintiffs no longer present a justiciable claim for declaratory and injunctive relief.

*Id.* at 249. This Court does not find Plaintiff's assertion persuasive. Instead, this Court relies on the clear governing case law provided by Judge Kelly. "Mr. Tyson's transfer forecloses the requested injunctive relief. As explained in *Fielder v. Fornelli*, No. 09-881, 2010 WL 3191841, at *1 (W.D. Pa. June 30, 2010), report and recommendation adopted, No. 09-881, 2010 WL 3186636 (W.D. Pa. Aug. 11, 2010):

> The rule is that where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief. *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993); *Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998); *Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1259 (D. Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.") (collecting cases); *Chapdelaine v. Keller*, No. 95–CV–1126, 1998 WL 357350, at *4 (N.D.N.Y. April 16, 1998) ("plaintiff is no longer incarcerated at Ray Brook and is no longer housed in a four person cell. He is not subject to any real or imagined 'threats, intimidation, or harassment' by the Ray Brook staff.... Consequently, plaintiff's request for an injunction that restrains Ray Brook officials from violating his civil rights is moot and should be dismissed...."). Hence, the motion for Preliminary Injunction should be denied as moot.

*Id.* at *1. *See also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."); *Rosa-Diaz v. Harry*, No. 1:17-2215, 2017 WL 6806795, at *5 (M.D. Pa. Dec. 6, 2017) (inmate's transfer from the offending prison facility rendered his request for injunctive relief moot); *Sutton v. Rasheed*, 323 F.3d 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots [his] equitable and declaratory claims.")" *See* Judge Kelly's Report & Recommendation (ECF No. 27, pp. 2-3).

The balance of Plaintiff's document (ECF No. 37) seeks a temporary restraining order preventing Defendants from "interfering with Plaintiff's incoming or outgoing legal mail and to

prevent 'indirect' harassment by third parties." ECF No. 37, pp. 2-4. Plaintiff states that his

confiscated legal materials are still held at SCI-Houtzdale. ECF No. 37, p. 5. These are claims

not previously asserted in Plaintiff's Complaint and, therefore, will not be addressed here.

Numerous courts, including courts in this district, have found it proper to refuse to hear claims not

first presented to the assigned magistrate judge. *See Kirk v. Meyer,* 279 F.Supp.2d 617, 619 (E.D.

Pa. 2003) (collecting cases). This is because the purpose of the Magistrates Act would be frustrated

if a district court was required to consider a claim presented for the first time after the party has

fully but unsuccessfully litigated his claims before the magistrate judge. *See id.*

Upon review of the record and the Report and Recommendation (ECF No. 31) pursuant to

Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of

Magistrate Judge Kelly in this matter.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 15th day of January, 2026, IT IS ORDERED that the Motion to Dismiss

(ECF No. 14) hereby is GRANTED as follows:

- Plaintiff's First Amendment retaliation claim arising from his alleged refusal to act as

  an informant is dismissed with prejudice on qualified immunity grounds pursuant to 29

  U.S.C. § 1915(e)(2)(B)(ii);[3]

---

[3] At the time of the writing of this Memorandum Orde *Anderson v. Dohman,* 2024 WL 3649572 (3d Cir. Aug. 5, 2024) remains good law.

At the time of the alleged conduct (primarily alleged to have occurred between 2010 and 2015, with the final alleged conduct occurring in April 2018), neither the Supreme Court nor any federal appellate court had held that a prisoner possesses a constitutional right to refuse to provide information to an internal prison investigation. *See Burns v. Martuscello,* 890 F.3d 77, 94 (2d Cir. 2018) (making that point). The District Court decisions were inconsistent, with some concluding that there is no such right, *see, e.g., Woolfolk v. Meier,* Civ. No. 2:17-CV-03513, 2018 WL 1773397, at *4 (E.D. Pa. Apr. 12, 2018); *Jackson v. Dohman,* Civ No. 11-6890, 2013 WL 775598, at *3 (E.D. Pa. Mar. 1, 2013), and some ruling that there is such a right (at least in certain circumstances), *see,*

- Plaintiff's Eighth Amendment failure to protect claim is dismissed without prejudice;

- Plaintiff's Fifth Amendment claim is dismissed with prejudice;

- Plaintiff's Fourteen Amendment procedural due process claims arising from the process provided at his disciplinary hearing and confinement in the Restricted Housing Unit is dismissed without prejudice;

- Plaintiff's Fourteenth Amendment property loss claims are dismissed with prejudice;

- Plaintiff's Fourteenth Amendment claim related to the loss of visitation privileges is dismissed with prejudice;

- Plaintiff's claim related to Defendants' alleged use of "mental control" to manipulate his behavior is dismissed with prejudice;

- Plaintiff's claims against Defendant Sinclair are dismissed without prejudice;

- Plaintiff's claims against Defendant Kovac are dismissed without prejudice;

- Plaintiff's state law claim for intentional infliction of emotional distress is dismissed without prejudice; and

- Plaintiff's claims of violation of rights under the Pennsylvania Constitution are dismissed with prejudice; and

---

e.g., *Cooper v. Beard*, Civ. No. 06-0171, 2006 WL 3208783, at *12 (E.D. Pa. Nov. 2, 2006); *cf. United States v. Paguio*, 114 F.3d 928, 930 (9th Cir. 1997).

These scattered District Court opinions are insufficient to clearly establish a right. *James*, 957 F.3d at 170-73; *see also Burns*, 890 F.3d at 94-95. While the Second Circuit has since concluded that there is a First Amendment right to refuse to serve as an informant, *Burns* was issued after the events at bar had taken place and thus does not show that Anderson's rights were clearly established at the relevant time. *See Pearson*, 555 U.S. at 243-44.

Accordingly, we will affirm the District Court's judgment.

*Anderson v. Dohman*, No. 23-2603, 2024 WL 3649572, at *3 (3d Cir. Aug. 5, 2024).

IT IS FURTHER ORDERED that Plaintiff *has thirty days to file an amended complaint and any amended complaint must not include any new claims, and must be limited to the claims for which the Court permitted leave to amend and all allegations supporting those claims.* The amended complaint must be filed on or before February 16, 2026, or the claims dismissed without prejudice may be dismissed with prejudice and the case terminated; and

IT IS FURTHER ORDERED that the Court DENIES Plaintiff's Motion for Sanctions (ECF No. 18);

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 37) are overruled;

IT IS FURTHER ORDERED that Magistrate Judge Kelly's Report and Recommendation (ECF No. 31) is adopted as the Opinion of the Court; and,

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

ANTHONY TYSON
FK-8298
SCI - Houtzdale
209 Institution Drive
P.O. Box 1000
Houtzdale, PA 16698
PRO SE